To CERTAIN MEMBERS OF THE SENATE IN THE
GENERAL ASSEMBLY.
APRIL 26, 1937.

Supreme Court
April 26, 1937.

We have received from twenty-one members of the senate, being the numerical majority of all those present, the following communication:

"State of Rhode Island, &c., in General Assembly
January Session, A. D. 1937

RESOLUTION

requesting the written opinion of the Honorable Judges of the Supreme Court upon the question of the legality of the action of the Lieutenant Governor as Presiding Officer of the Senate in declaring passed (H 883) (Substitute 'A') (H 583) (Substitute 'A') (H 639) (S 167) (H 692) (S 204) (H 713).

"Whereas, the Lieutenant Governor in his capacity as Presiding Officer of the Rhode Island Senate, at a session of said Senate held at Providence, on April 22, 1937, declared passed (H 883) (Substitute 'A') (H 583) (Substitute 'A') (H 713) (H 639) (S 167) (H 692) (S 204) and when said measures were reached on the calendar, upon a voice vote after having refused to permit a roll call vote on said measures, although a roll call vote was demanded by more than the number required by the constitution, to wit, twenty one members of said Senate, being a majority of the Senators present at said session, and thereafter refused to perform his functions as Presiding Officer

"Resolved, that the Honorable Judges of the Su-

preme Court, be and they hereby are respectfully requested to give to the Senate their written opinion upon the following questions of law:

"Are the following measures (H 883) (Substitute 'A') (H 583) (Substitute 'A') (H 713) (H 639) (S 167) (H 692) (S 204) legally passed by this honorable Senate?"

This resolution is not stamped or otherwise attested by the secretary of state who, under the constitution and in the absence of other provisions by law, is the secretary of the senate, nor by any person purporting to act as clerk of the senate. On the back of the resolution appears the following:

"Senate Chamber        Apr. 22, 1937

We voted for the passage of this resolution:
(Signed)

| | |
|---|---|
| Alfred G. Chaffee | William E. Miller |
| Clarence H. Horton | I. Thornton Sherman |
| Henry D. Lloyd | Giles P. Dunn, Jr. |
| John I. Albro | Lester P. Simmons |
| Charles T. Algren | Z. Herbert Gardner |
| Alton Head | Fred C. Broomhead |
| George D. Greenhalgh | Frank L. Smith |
| Raymond E. Adams | William B. Sweeney |
| W. Roscoe Potter | Charles W. Watts |
| Daniel R. James | John H. Smith |

James F. Sherman."

The resolution was accompanied by several typewritten pages, fastened together, entitled: "Record of the Rhode Island Senate, April 22, 1937", and signed "Charles T. Algren, Clerk". This statement recites, substantially, the failure of the lieutenant governor, as presiding officer of the senate, to recognize these majority members in their request for a roll call vote upon the question above referred to; the passage of these acts upon a voice vote, and the adjournment of the senate by the lieutenant governor upon a similar voice vote, while all of the twenty-one members were requesting a roll call upon each vote; the temporary organization of the senate by the twenty-one members and

a continuation of the business upon the alleged failure of the lieutenant governor to function within the constitution and the rules of the senate; the passage by this temporary organization of the senate of the resolution above set forth, and the adjournment of that body. It is supported by an attached statement, signed by the above-named twenty-one senators, substantially setting forth that the foregoing record is a true report of the senate proceedings and that each of the senators, who signed, voted for the motions and resolution as set forth in the purported record.

The request for our opinion was received on April 23, 1937, at approximately 3 o'clock p. m. Previously, on April 22, 1937, H-883, Sub. A, H-583, Sub. A, and H-713 had been approved and signed by the governor, who also approved and signed H-692 on April 23, according to the official records of the secretary of state. The general assembly adjourned about 3 o'clock, a. m., April 24, 1937, before we had time to give proper consideration to the question.

We have grave doubt whether the question, as propounded, states a question of law upon which we are required by the constitution to render our advisory opinion. Sec. 2, art. XII of amendments to the constitution. It is not intended by this provision of the constitution that we be required to answer every legislative doubt and difficulty that might present itself during the proceedings of the general assembly and which might be propounded to us by a question from either house.

The constitution and laws of the state contain ample provisions by which the constitutionality and validity of acts of the legislature may be tested *by the court* in a proper, litigated case, and we are loathe to advance merely *advisory opinions of the justices,* unless it appears clearly that the question itself comes within the purview of the constitution, and of our duty thereunder.

However, granting for present purposes that the resolution, record, and question propounded might be considered as satisfying, in substance and form, the conditions neces-

sary to obtain an advisory opinion thereon, it is pertinent and material to note again that the general assembly adjourned shortly after our receipt of the question. This adjournment was brought about by passage, in concurrence, by the senate and house of representatives of a resolution of adjournment *sine die*. The twenty-one members who proposed the above question apparently joined in the passage of that resolution of adjournment. Consequently, the senate is no longer in session, nor can it convene by any act of its own. As a result of this adjournment, none of the acts or resolutions described in the question propounded can possibly be pending before the senate for its proper legislative action. Hence, if the question presents a case in which the opinions of the justices properly may be required, it must be obvious that it is now impracticable to return any answer to the senate, as such, in season to aid that honorable body in determining any question, involving the exercise of their power or the performance of their duty, in respect to the acts mentioned in the resolution. Under a constitutional provision and circumstances having a substantially similar effect, the justices of the supreme court of New Hampshire concluded that they were not required to give such an opinion. 70 N. H. 640. A similar interpretation of this constitutional requirement is also recognized by this court in the opinion of the justices, *In re Legislative Adjournment*, 18 R. I. 824, 827.

So far as the present communication raises or purports to raise a question concerning the observance in the senate of the constitutional requirement, as to voting by yeas and nays, we need not repeat what we said so recently in connection therewith, in our reply to certain members of the house of representatives under date of April 6, 1937, if enactments are to escape charges of unconstitutionality in some possible actions in a litigated case.

While it is our duty to render advisory opinions in all cases in which the senate, functioning as such, may properly state and require them, it is no less our duty, in view

of the separation of the executive, legislative and judicial departments of government, to abstain from doing so in any case which does not fall reasonably within the constitutional clause relating thereto. This question does not now relate to any matters which can possibly be pending before the senate, and our advisory opinion thereon could not enable that body, in the exercise of its proper functions, to act legally upon any pending question. In our opinion, therefore, the question propounded is not now within the above constitutional requirement. We have found no precedent, in this state or elsewhere, for the giving of an advisory opinion on such a question and in such circumstances as are presented here.

We therefore are bound by the constitution and our duty thereunder to respectfully decline to render at this time any advisory opinion on the question propounded by the above resolution.

> EDMUND W. FLYNN
> WILLIAM W. MOSS
> ANTONIO A. CAPOTOSTO
> HUGH B. BAKER
> FRANCIS B. CONDON