FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST

OPINION TO THE HOUSE OF REPRESENTATIVES.

MARCH 10, 1959.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

REQUEST FOR OPINION on certain questions of law filed by House of Representatives in supreme court. Court respectfully declined to answer questions because of pending litigation which could be prejudiced by answers and suggested method by which questions might be certified in advance of trial of equity suits pending in superior court.

March 10, 1959

To the Honorable, the House of Representatives
    of the State of Rhode Island and
        Providence Plantations

We have received from the honorable house of representatives a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon the following questions of law:

"1. Is there a proper delegation of the powers of the general assembly to the registrar of motor vehicles, as in sections 31-8-5, 31-11-17, 31-11-18 and 31-11-23 of the general laws, providing for cancellation, revocation and/or suspension of motor vehicle registrations and licenses, and the seizure of registration plates and certificates, wherein no standards of regulation are enumerated?

"2. If the answer to question 1 is in the affirmative, is it within the lawful power of the registrar of motor vehicles to deprive a person of his license to operate a motor vehicle prior to a final judicial determination of his guilt?"

Upon receiving your request and after examining the language of those sections we learned that the basic questions, if not all the subsidiary ones, propounded by the honorable house of representatives were directly or indirectly involved in litigation now pending in the superior court. Accordingly we made inquiry of the clerk of that court with reference to the identity and status of such litigation. We

were advised by letter of February 26, 1959 that the following causes were "filed and commenced in the Superior Court by the issuance of ex-parte restraining order under Sec. 31-11-15-17-18-21 and 25 G. L. 1956 * * *:

"Equity No. 27291 entitled
Peter St. Lawrence vs. Romeo D. Asselin, Registrar
Filed Feb. 9, 1959
"Equity No. 27303 entitled
Carl G. Romblad vs. Romeo D. Asselin, Registrar
Filed Feb. 16, 1959
"Equity No. 27315 entitled
Joseph E. McCaughey vs Romeo D. Asselin, Registrar
Filed Feb. 21, 1959
"Equity No. 27319 entitled
Richard L. Merritt, Jr. vs Romeo D. Asselin, Registrar
Filed Feb. 25, 1959."

In such circumstances it has been the practice of the judges of this court over the years to refrain from giving their opinion in response to requests under section 2 of article XII of amendments to the constitution. On April 17, 1942 we so advised Governor J. Howard McGrath. And again on November 6, 1945 we reiterated that view in response to a request of Governor John O. Pastore. We are aware of no instance in which this court has ever adopted a contrary view. Moreover we believe it to be the opinion generally entertained by the courts of other states having a constitutional provision similar to ours. In any event we have always deemed it a sound view and on occasion have gone to some length in giving reasons why we thought so. A repetition of some of those reasons in the present instance may be helpful.

In the opinion to Governor Pastore we "pointed out that grave difficulties could follow if we were to give a purely advisory opinion upon the proposed question, only to be confronted later with the necessity of deciding the same question after a hearing, upon review or otherwise, in the litigated case. In such event, the defendant conceivably

might have some ground to complain that his legal and constitutional rights had been unnecessarily prejudiced by our having reached a considered opinion, even though only advisory, upon a material question of law which we knew to have been involved in his conviction, without first having afforded him a full hearing in accordance with the appropriate procedure set out in the statutes."

We further called to his attention the fact "that an advisory opinion would not constitute a decision of this court, would not finally determine the question, and would have no binding effect upon any person whose legal rights might be involved. On the other hand, a final decision and determination of the question would result if it were properly brought before us in a litigated case."

We concluded by expressing the following opinion on the constitutional provision: "When requested to give an advisory opinion, in accordance with section 2 of article XII of the articles of amendment to the constitution of this state, we are reluctant to decline to do so. But, in view of the facts and possible consequences to which we have adverted, we are constrained to conclude that it was not intended by that constitutional provision, in the absence of more extreme conditions than now appear, to require the justices to give an advisory opinion on a question of law which is involved materially in the conviction of an accused in a pending criminal case."

We reaffirm that opinion. While the cases now in litigation are not criminal cases we think the reasons above given for not answering the question propounded by Governor Pastore are equally applicable to any civil case or proceeding actively in course of litigation as are the equity suits hereinbefore mentioned. We must therefore, although reluctantly, respectfully decline to express any opinion at this time on the questions propounded by the honorable house of representatives.

However, if the honorable house of representatives deems those questions of such pressing public interest and importance that they should be decided without the necessity of awaiting the outcome of the above-mentioned litigation, there is a method provided by statute by which they may be brought to this court for decision in advance of the trial of those equity suits in the superior court. Under G. L. 1956, §9-24-27, the attorney general may obtain the certification of such questions for our determination. In that case we would have the benefit of briefs and arguments by adversary counsel and our determination would not be a mere advisory opinion but a binding decision having the force and effect of law.

We have this day advised His Excellency Governor Christopher Del Sesto to a like effect in answer to similar questions propounded by him.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST