### OPINION TO THE GOVERNOR.

#### Filed NOVEMBER 13 as of NOVEMBER 9, 1962.

**SUPREME COURT.   Request for an Opinion.   Issues Pending in Litigation.**

Request for an OPINION submitted by governor with reference to certain enactments of general assembly involving

Rhode Island Turnpike and Bridge Authority, the Mount Hope Bridge Authority and the Jamestown Bridge Commission. For reason stated court cannot consistently answer questions propounded.

November 9, 1962

To His Excellency John A. Notte, Jr.
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a written request for our opinion on fourteen specific questions of law concerning certain enactments of the general assembly authorizing the Rhode Island Turnpike and Bridge Authority in effect to take over the powers and duties of the Mount Hope Bridge Authority and the Jamestown Bridge Commission. In your letter you stated that representatives of those bodies "would like to present their views to the Court on the issues here involved, for the assistance of the Court in the disposition of this request."

After receiving your letter those representatives met with the Chief Justice and explained their respective positions with regard to the questions and they were given leave to file briefs thereon. However, before such briefs were presented the representatives of the Jamestown Bridge Commission requested leave to file a preliminary brief in support of their view that we should not answer the questions because of pending litigation. Upon consideration we granted such request and also gave leave to the representatives of the Rhode Island Turnpike and Bridge Authority to file a brief in reply on that specific question.

In due time such briefs were duly filed. Before the judges could give them the necessary consideration they deserved, other matters of more immediate and pressing importance to the constitutional composition of the house of representatives, of which Your Excellency is aware, pre-empted our attention. Such matters together with the opening of the

October session of the court have appreciably delayed an earlier answer to your letter.

Now that we have had an opportunity to consider the briefs which were filed, we realize that there is merit in the contention of the representatives of the Jamestown Bridge Commission that most if not all of the questions propounded in your letter are involved either directly or indirectly in litigation now pending between the Commission and the Authority. This being so, we regret to have to inform Your Excellency that we cannot consistently with our established practice answer your questions at this time.

We assure Your Excellency that we are constrained to adopt this attitude solely in the interest of justice. On several occasions in the recent past we have had to so advise several of your predecessors in similar circumstances. In those instances we stated at some length why an advisory opinion would be inappropriate and we refer Your Excellency to such statement so as to obviate unnecessarily prolonging this opinion. See *Opinion to the Governor,* 88 R. I. 392.

If and when the pending litigation is disposed of and there remain unresolved any questions of law similar to those propounded in your letter, we shall of course comply with any future request of Your Excellency pursuant to section 2 of article XII of amendments to the constitution of Rhode Island.

FRANCIS B. CONDON

THOMAS H. ROBERTS

THOMAS J. PAOLINO

WILLIAM E. POWERS

G. FREDERICK FROST