208 A.2d 126.

OPINION TO THE HOUSE OF REPRESENTATIVES.

MARCH 11, 1965.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Joslin, JJ.

OPINION requested by House of Representatives as to constitutionality of act and ordinances providing for historic area zoning, request considered by court and answer set forth in opinion which follows.

March 11, 1965

To the Honorable, the House of Representatives
    of the State of Rhode Island and
        Providence Plantations

We have received from Your Honors a resolution request-

ing, in accordance with the provisions of sec. 2 of art. XII of amendments to the state constitution, our written opinion upon the following question pursuant to House Resolution No. 1080:

"Are the provisions of chapter 131 of the public laws, 1959, entitled 'An act providing for historic area zoning,' now known and cited as chapter 45-24.1 of the general laws, as amended by chapter 152 of the public laws, 1963 and by chapter 220 of the public laws, 1964, and the ordinances ordained by any city or town pursuant to the provisions thereof, constitutional?"

The inquiry is twofold, asking, first, whether the provisions of chap. 24.1 of title 45 are constitutional and, second, whether ordinances enacted pursuant thereto are constitutional. It is to be noted that the statute is, in its nature, enabling legislation in which the general assembly purports to delegate to city and town councils authority to enact ordinances for the purpose of regulating the construction, alteration, repair, moving or demolition of structures that have "historic and architectural value." It confers also upon such municipal legislatures authority to create historic district commissions, the function of which is to administer the ordinance, and provides for appeals from decisions of such commissions to the zoning board of review and subsequently to this court by way of certiorari. The statute was enacted as P. L. 1959, chap. 131, and has been twice amended, the substance of those amendments being without materiality here.

We assume the inquiry as to the constitutionality of ordinances enacted pursuant to the statute relates to the propriety of the delegation to city and town councils by the general assembly. We make these general observations in order to emphasize the difficulty involved in attempting to answer this question. Nowhere therein is our attention directed to any specific provision of the statute or to any provision of the constitution that might have been violated by

the enactment thereof. It is clear that this circumstance would require us to engage in an exhaustive search of the statute to ascertain whether any provision thereof, taken singly or in combination with any other, exceeds the constitutional limitations on the legislative power or impinges upon any constitutionally protected right of the people. The burden that would thus be assumed is so onerous as to make our undertaking its performance imprudent.

There is, however, another factor which is strongly persuasive that we ought not attempt to answer the question propounded by Your Honors. This is the narrow purpose for which the pertinent provision of sec. 2 of art. XII of amendments was included within the constitution and the obvious adverse effect of any undue expansion of that purpose by judicial fiat on the constitutional separation of the powers of government. One need not be clairvoyant to foresee the evil that could result from an intrusion by this court into those functions of government constitutionally committed to the co-ordinate branches thereof under the guise of answering questions propounded pursuant to sec. 2 of art. XII.

In our recent *Opinion to the Governor*, 97 R. I. 200, 191 A.2d 611, we discussed at some length the purpose of that section and the limitations thereof on the practice of seeking and giving advisory opinions. At page 614 of that opinion we said: "It is our opinion that this requirement to give advisory opinions was included in the constitution in order to enable the executive and legislative departments to more effectively discharge particular duties that are textually committed to them by the constitution." We went on to note that the constitution in sec. 1 of art. IV provides in part that the general assembly "shall pass all laws necessary to carry this constitution into effect."

In that opinion at page 614 we referred again to the textual commitment in the constitution of the obligation of

the executive and the general assembly, respectively, to execute the laws and to enact laws to carry the constitution into effect. We then went on to say: "It is our conclusion that these constitutional provisions, in effect, require the performance of a continuing obligation by the executive and by the general assembly. Because we take that view we find inescapable the conclusion that the effective performance of this obligation on the part of the executive and legislative branches requires from time to time assistance from the judges of this court upon questions of law, assistance which the framers of the constitution contemplated as being best provided through the device of the advisory opinion."

We are of the opinion that when the requirement for advisory opinions is viewed in the light of the constitutional mandate that the general assembly enact laws to carry the constitution into effect, it must be held to contemplate only that the judges of this court give the general assembly their opinions as to the consistency of proposed legislation with particular constitutional provisions and that it does not include opinions as to the constitutionality of laws already enacted by the general assembly. To the contrary, we take the view that opinions sought on questions of the constitutionality of legislation that has been enacted by the general assembly under sec. 2 of art. XII are available only to the executive branch, which in the constitution is mandated to see that the laws are faithfully carried out.

There are two considerations which, in our opinion, are strongly persuasive as to the correctness of our view that sec. 2 of art. XII is substantially limited in its purpose. First, there is the long-standing acceptance of the view that the opinions are truly advisory and are without weight as legal precedent. In *G. & D. Taylor & Co.* v. *Place,* 4 R. I. 324, Chief Justice Ames said at page 362 of that opinion: "The advice, or opinion, given * * * to the governor, or to

either house of the general assembly, under the 3d section of the 10th article of the constitution, is not a *decision* of this court; and given, as it must be, without the aid which the court derives, in adversary cases, from able and experienced counsel, though it may afford much light, from the reasonings or research displayed in it, can have no weight as a precedent."

The second such consideration is the universally accepted rule that when a legislature, acting in an exercise of the legislative power, enacts a statute, it will be presumed to have acted within constitutional limitations until the contrary is shown. This well-settled principle of constitutional law is clearly set out in *East Shore Land Co.* v. *Peckham,* 33 R. I. 541, where this court said at page 548: "All statutes are presumed to be valid and constitutional and the burden of proving the unconstitutionality of any statute is upon the party raising the question; furthermore, the rule is that he must prove it beyond a reasonable doubt." It follows necessarily then, in our opinion, that the statute to which Your Honors refer in propounding the instant question, having been enacted by you, is presumptively constitutional, and, therefore, its consistency with the constitution is not a proper matter for inquiry under the provisions of sec. 2 of art. XII of amendments relating to advisory opinions of the judges of this court.

The considerations to which we have made reference persuade us that the question propounded by Your Honors does not come within the purview of that section. However, because of our desire to subserve the common good by co-operation with the co-ordinate branches of the government, we have hereinabove directed Your Honors' attention to the settled rule that statutes, having been enacted by the

legislature, are presumed to be constitutional unless in some appropriate litigation the contrary is established.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN