**216 A.2d 124.**

OPINION TO THE HOUSE OF REPRESENTATIVES.

JANUARY 11, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

January 11, 1966

To the Honorable, The House of Representatives
of the State of Rhode Island and
Providence Plantations

We have received from Your Honors a resolution requesting, in accordance with the provisions of sec. 2 of art. XII of amendments to the state constitution, our written opinion upon the following question pursuant to House Resolution No. 1837, read and passed in the House of Representatives May 7, 1965:

"Are the following or substantially similar provisions contained within a city or town charter, whether by legislative act or adopted pursuant to the provisions of article XXVIII of the amendments to the constitution, constitutional?; viz:

'Political Activities
'Dual Office Holding

'Sec. 1. — No appointed officer or employee of the city shall be a member of any national, state or local committee of a political party, or an officer in any partisan political club or organization, or take part in the management of a political party or political campaign.

'Sec. 2. — No person employed by the city, other than an elective officer, shall be a candidate for any elective office unless he first resigns his position with the city.

'Sec. 3. — No person may hold any office or employment in the city while at the same time holding

any office or employment in the federal, state or local governments or agencies thereof, except as follows:

'(1) Employees not elected, of the federal or state governments, who may serve on the zoning board of review, planning board, board of library trustees.

'(2) Members of the armed forces of the United States, while in inactive or reserve status.

'(3) Persons holding a commission as a notary public.

'(4) Employees, not elected, of the federal or state governments, who may serve on any advisory board, commission or committee established by the council or the mayor.

'(5) Municipal employees, not elected, who may serve on any advisory board, commission or committee established by the federal or state governments.

'Sec. 4. Any person violating any provisions of this article shall forthwith forfeit any municipal office or position which he holds.,' or

'No person shall, at the same time, be an elected or appointed officer of the city and a city employee, or hold any other elective or appointive office or employment carrying a salary, whether municipal, state or federal, except that of constable, notary public. member of the state militia, public school teacher, or member of the military or naval forces of the United States, unless and until he shall have resigned his office, except as otherwise provided in this charter.' "

The inquiry relates to "provisions contained within a city or town charter, whether by legislative act or adopted pursuant to the provisions of article XXVIII of the amendments to the constitution." In the absence of any statement in the question submitted by Your Honors indicating that

the inquiry pertains to specific legislation, pending or proposed, we assume that the thrust of the inquiry relates to the constitutionality of "provisions" already enacted, either by legislative act or pursuant to the provisions of article XXVIII.

In our recent *Opinion to the House of Representatives*, 99 R. I. 377, 208 A.2d 126, we said, in part, at page 127: "We are of the opinion that when the requirement for advisory opinions is viewed in the light of the constitutional mandate that the general assembly enact laws to carry the constitution into effect, it must be held to contemplate only that the judges of this court give the general assembly their opinions as to the consistency of proposed legislation with particular constitutional provisions and that it does not include opinions as to the constitutionality of laws already enacted by the general assembly."

Our opinion with respect to the "constitutionality of laws already enacted by the general assembly" applies equally to ordinances enacted by local municipal legislatures pursuant to the provisions of article XXVIII of amendments, and for the same reasons. Because the problem presented by Your Honors' present inquiry has been answered by the judges of this court in the recent opinion referred to above, we respectfully conclude our discussion by quoting the final paragraph of that opinion:

> "The considerations to which we have made reference persuade us that the question propounded by Your Honors does not come within the purview of that section [sec. 2 of art. XII of amendments relating to advisory opinions of the judges of this court]. However, because of our desire to subserve the common good by co-operation with the co-ordinate branches of the government, we have hereinabove directed Your Honors' attention to the settled rule that statutes, having been enacted by the legislature, are presumed

to be constitutional unless in some appropriate litigation the contrary is established."

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN