*McOsker, Gorodetsky & Isserlis, Milton L. Isserlis, Sanford H. Gorodetsky,* for petitioners.

*Howard R. Haronian,* City Solicitor, *William F. Paquin,* Assistant City Solicitor, for respondent.

---

264 A.2d 920.

ADVISORY OPINION TO THE HOUSE OF REPRESENTATIVES.

MAY 1, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ADVISORY OPINION requested by House of Representatives as to constitutionality of a certain statute, considered and justices determine that questions propounded do not fall within the purview of the constitutional requirement on advisory opinions.

May 1, 1970

To the Honorable, The House of Representatives
    of the State of Rhode Island and
        Providence Plantations

We have received from Your Honors a resolution requesting, in accordance with the provisions of sec. 2 of art. XII of amendments to the state constitution, a written opinion upon the following questions:

"1. Is said Chapter 85, Public Laws of Rhode Island, 1969, unconstitutional because it is in violation of Section 4 of Article 28 of the Articles of Amendment to the Constitution of the State of Rhode Island and Providence Plantations unless it has been approved by a majority of the electors of a particular city or town which has adopted the provisions of Article 28 of the Articles of Amendment to the Constitution of the State of Rhode Island and Providence Plantations which is the so-called home rule amendment?

"2. Is said Chapter 85, Public Laws of Rhode Island, 1969, unconstitutional because it is in violation of said Section 4 of Article 28 of the Articles of Amendment as an act which does not apply alike to all cities and towns and which does not provide that it is not effective until approved by a majority of

the electors of a city or town which have adopted the provisions of Article 28 to the Constitution of the State of Rhode Island and Providence Plantations?"

The question submitted by Your Honors relate solely and exclusively to the constitutional validity of a statute enacted at the 1969 session of the general assembly. Similar requests propounded in the past concerning already enacted legislation have prompted the justices of this court to advise Your Honors as well as the Honorable Senate that the constitutional requirement to render advisory opinions to the coordinate branches of government on questions of law must be viewed within the context of the separation of powers mandated by the constitution. The advisory opinion requirement so viewed, the justices have said, contemplates only that opinions be given the general assembly on the constitutionality of proposed legislation and that questions concerning the validity of previously enacted legislation are the exclusive prerogative of the executive. *Opinion to the House of Representatives*, 100 R. I. 345, 216 A.2d 124; *Opinion to the Senate*, 100 R. I. 194, 212 A.2d 647; *Opinion to the House of Representatives*, 99 R. I. 377, 208 A.2d 126.

The considerations briefly referred to here, but more fully alluded to particularly in *Opinion to the House of Representatives*, 99 R. I. 377, 208 A.2d 126, persuade us that the questions you have propounded do not fall within the purview of the constitutional requirement on advisory opinions. Our desire to serve the common good by cooperating with the coordinate branches of government persuades us here, as it has in the past, to respectfully direct Your Honors' attention to the settled principles that every reasonable intendment is made in favor of the constitutionality of a duly enacted statute and that such a

statute is presumed to be constitutional until the contrary is established in appropriate litigation.

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN
THOMAS F. KELLEHER