272 A.2d 925.

ADVISORY OPINION TO THE HOUSE OF REPRESENTATIVES OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.

JANUARY 29, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ADVISORY OPINION requested by House of Representatives relative to validity of section 2 of article XXIX of amendments to state constitution establishing voting limitations based on property ownership or payment of a tax. Justices decline to render an advisory opinion on the question propounded for reasons stated.

January 29, 1971

To the Honorable, the House of Representatives
    of the State of Rhode Island and
        Providence Plantations.

This communication is respectfully addressed to the Honorable House of Representatives whose members were elected in November 1970 and whose term of office began on the first Tuesday of January 1971. On April 21, 1970, the Honorable House of Representatives, as then constituted, transmitted to us for an advisory opinion in accordance with the provisions of section 2 of article XII of the amendments to the constitution of this state, the following question pursuant to House Resolution No. 01610:

> "Are the provisions of section 2 of article XXIX of the amendments to the constitution of the state of Rhode Island, which provisions establish voting limitations concerning requisite property ownership or the payment of a tax, in violation of the 14th amendment to the constitution of the United States?"

We must respectfully decline to render any advisory opinion on the question propounded by the above resolution for several reasons.

The justices of this court have said on numerous occasions that the advisory opinion requirements of our state constitution contemplate that opinions be given on the

constitutionality and validity of legislation pending in either branch of the General Assembly and that any question concerning enacted legislation falls within the exclusive prerogative of the Governor. *Opinion to the House of Representatives,* 107 R. I. 77, 264 A.2d 920; *Opinion to the House of Representatives,* 100 R. I. 345, 216 A.2d 124; *Opinion to the Senate,* 100 R. I. 194, 212 A.2d 647; *Opinion to the House of Representatives,* 99 R. I. 377, 208 A.2d 126. Section 2 of article XXIX delineates the qualifications for a person who wishes to appear at a town meeting and vote on any proposition concerning an imposition of a tax or an expenditure of money. The resolution fails to disclose what pending legislation, if any, is concerned with the question asked.

Even if your resolution, however, had made inquiry to a question before the House, it would not have required the consideration of the justices. Shortly after our receipt of your request, the House of Representatives adjourned *sine die.* In these circumstances any pending question became moot. *Opinion to House of Representatives,* 99 R. I. 151, 206 A.2d 221.

The resolution sent us concludes as follows: "Resolved, That the written opinion of the justices of the Supreme Court shall be transmitted to the general assembly upon the opening day of its 1971 session."

We would also point out that our constitutional duty under article XII is to render advice on a question pending and awaiting action in the body which seeks our assistance. We stand ready to aid the legislative or executive branches of government in all matters which properly come within the purview of article XII. Our constitution, however, does not require the justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body. *Opinion of the Justices,* 90 N. H. 567, 6 A.2d 763; *Answer of the Justices*

*to the Senate,* 290 Mass. 601, 195 N. E. 357. While there may arise some grave governmental emergency justifying an exception to this principle, the present resolution is not such a matter. See *In re the Legislative Adjournment,* 18 R. I. 824, 27 A. 324. We would not, therefore, even if the present resolution sought our advice about legislation pending in the former House, give to the present House an opinion on the inquiry posed by its predecessor.

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN
THOMAS F. KELLEHER