284 A.2d 295.

OPINION TO THE GOVERNOR.

DECEMBER 6, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ADVISORY OPINION requested by Governor relative to legal requirements applicable to appointment of a city manager of East Providence, considered by the judges of Supreme Court who refrain from giving their respective opinions for the reason stated.

December 6, 1971

To His Excellency, Frank Licht
Governor of the State of Rhode Island
and Providence Plantations

Acting on the authority of article XII, section 2, of amendments to the constitution of this state, Your Excellency has requested our written opinions on certain questions of law.

The scope and intendment of said section have heretofore been a preliminary consideration of the judges of this

court when called upon to give advisory opinions to the Governor or to either house of the General Assembly. *Opinion to the House of Representatives*, 107 R. I. 77, 264 A.2d 920 (1970); *Opinion to the House of Representatives*, 100 R. I. 345, 216 A.2d 124 (1966); *Opinion to the Governor*, 95 R. I. 180, 185 A.2d 446 (1962); *To Certain Members of the Senate in the General Assembly*, 58 R. I. 142, 191 A. 518 (1937).

Out of such preliminary considerations, certain well-defined principles have been firmly established. Among them are that in giving advisory opinions, the judges of the Supreme Court do not render a decision of the court, but only express their opinions as individual judges, *Opinion to the Governor*, 96 R. I. 358, 191 A.2d 611 (1963); that for this reason such opinions have no binding force, *Opinion to the House of Representatives*, 88 R. I. 396, 149 A.2d 343 (1959); that questions of fact cannot be entertained, *Opinion to the Governor*, 101 R. I. 203, 221 A.2d 799 (1966); that gratuitous expansion of the obligation of the judges under article XII, section 2, of amendments is to be avoided. *To Certain Members of the Senate in the General Assembly*, 58 R. I. 142, 191 A. 518 (1937).

Further, in avoidance of such expansion, judges of the Supreme Court have consistently refrained from answering questions propounded by both houses of the General Assembly which adjourned *sine die* without waiting to receive the opinions they had requested. *Opinion to House of Representatives*, 99 R. I. 151, 206 A.2d 221 (1965); *Opinion to the Senate*, 85 R. I. 317, 131 A.2d 232 (1957).

As a consequence of and in adherence to principles affecting preliminary consideration of the substance of questions submitted by the Governor or either house of the General Assembly pursuant to said article XII, section 2, of amendments, a generalization as to its intendment has evolved. It is that the judges of the Supreme Court

are constitutionally obligated to give their written opinions to either house of the General Assembly when the questions propounded concern the constitutionality of pending legislation, and to the Governor when the question or questions propounded raise an issue as to the constitutionality of existing statutes. Neither of these coordinate authorities have standing to propound questions which are clearly the prerogative of the other. *Opinion to the House of Representatives,* 99 R. I. 377, 208 A.2d 126 (1965).

Accepting such generalization to be sound, as we do, an inescapable corollary is presented. This is that the question or questions propounded must have some relationship to official duties of the coordinate branch propounding the questions.

Since, as heretofore pointed out, judges of the Supreme Court should scrupulously avoid giving advisory opinions in circumstances not constitutionally mandated, giving such opinions in matters unconnected to the official function of the requesting coordinate branch would amount to inexcusable gratuitousness.

Having all this in mind, we turn to the substance of Your Excellency's request. It asks for our written opinion on the following questions of law:

"1. Is the position of city manager as created by the East Providence Home Rule City Charter a civil office within the meaning of Article IX Section I of the Constitution of the State of Rhode Island?"

"2. Would the appointment of a person who is not a qualified elector of the City of East Providence to the position of City Manager be in violation of Article IX Section I of the Constitution of the State of Rhode Island?"

Ready as we are to meet our constitutional obligations and fully desirous of being of all possible assistance to Your Excellency, we nevertheless are constrained to conclude that the questions propounded by Your Excellency

cannot serve as the basis of a request for our opinions within the intendment of article XII, section 2, of amendments.

It may well be that the members of the East Providence City Council are in doubt as to the legal qualification requirements of prospective appointees to the office of city manager. However, they have no standing either under the constitution or any statute enacted pursuant thereto to seek resolution of their doubts through you as the state's Chief Executive. Absent such standing, the giving of our opinions would be grossly gratuitous and an inexcusable participation by us in the affairs of a municipality.

Manifestly then, we have no alternative but to deferentially refrain from giving our opinions.

Respectfully submitted,

THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN
THOMAS F. KELLEHER