### In re REQUEST FOR ADVISORY OPINION REGARDING HOUSE BILL 83–H–5640.

#### No. 83–491–A.

Supreme Court of Rhode Island.

March 8, 1984.

To His Excellency J. Joseph Garrahy

Governor of the State of Rhode Island

and Providence Plantations

We received from your Excellency, pursuant to section 2 of Article XII of the amendments to the State Constitution, a request for our advice on the constitutionality of P.L.1983, ch. 284, "An Act Relating to Stock Savings Banks," which became effective on May 19, 1983 without your signature.

Specifically, you have requested our advice upon the following questions:

"In addition to their rights to a liquidation account under Section 19–2–25, do the depositors in a mutual savings bank have any constitutionally protected rights with respect to:

(a) The equity of the institution: or

(b) Voting on the issue of conversion, absent any statutory provision authorizing or requiring such voting?"

We have received amici curiae briefs from both the Attorney General and the Mutual Savings Bank Association of Rhode Island. After completing our research and analyzing the arguments of these amici curiae, we are of the opinion that this request is not appropriate.

As a preliminary matter, our affirmative response to these questions requires us to make the determination that depositors of a mutual savings bank have a protected property interest under either the Federal or State Constitutions. Such a determination cannot be made without our exercise of the fact-finding power of the court. This we may not do in rendering an advisory opinion. "It is settled that, in giving advisory opinions under amend. XII, sec. 2, of the constitution, this court will not give opinions which require, directly or indirectly, an exercise of the fact-finding power of the court." *Advisory Opinion to the Governor,* 113 R.I. 586, 597, 324 A.2d 641, 647 (1974); *see Opinion to the Governor,* 96 R.I. 358, 364–65, 191 A.2d 611, 614 (1963). "[T]he factfinding power inheres in the court as the judicial branch of state government and * * * may not be exercised by justices when acting as individuals pursuant to the provisions of amend. XII, sec. 2." *Advisory Opinion to the Governor,* 113 R.I. at 597, 324 A.2d at 648.

A second reason also prohibits our positive response to your inquiry. We only advise the chief executive in those instances when the questions propounded have "a bearing upon a present constitutional duty presently awaiting performance by the Governor * * *." *Advisory Opinion to the Governor,* 110 R.I. 1, 5, 289 A.2d 430, 433 (1972). At this time, the record is devoid of any evidence that any mutual savings bank conversion plan is pending before the Board of Bank Incorporation of the State of Rhode Island. Not until two-thirds of the Board of Trustees and two-thirds of the members of a mutual savings bank vote to adopt such a plan will any executive approval be required. Hence, your Excellency has not yet been "confronted with a constitutional obligation which would then require us to give you our advice." Id.

For these two reasons, we must respectfully decline to respond to your request.

THOMAS F. KELLEHER
JOSEPH R. WEISBERGER
FLORENCE K. MURRAY
DONALD F. SHEA
Associate Justices