In re ADVISORY OPINION TO
THE GOVERNOR.

No. 84–424–M.P.

Supreme Court of Rhode Island.

Nov. 2, 1984.

William Brody, Legal Counsel to the Governor, Providence, for petitioner.

## OPINION TO THE GOVERNOR

To His Excellency, J. Joseph Garrahy

Governor of the State of Rhode Island and Providence Plantations

We received from Your Excellency, pursuant to section 2 of article XII of the amendments to the Rhode Island Constitution, a request for our advice regarding the recent case of *Police and Firefighter's Retirement Association of Providence v. Norberg*, R.I., 476 A.2d 1034 (1984). In that case the court ruled that the Providence city police and firefighters' pensions are exempt from the state personal income tax law, G.L.1956 (1980 Reenactment) chapter 30 of title 44, more specifically § 44–30–12(c).

Now Your Excellency has specifically requested our advice in regard to the impact

of the above-entitled case by posing the following inquiry:

> "Does *Police and Firefighter's et al. vs. Norberg, supra,* apply by analogy to exempt all state employees, municipal employees and/or their respective beneficiaries who are the recipients of said pensions, annuities or retirement allowances and also certain pensions held in employees trust from the Rhode Island personal income tax law * * * ? " [1]

It is clear that sec. 2 of art. XII of the amendments to our constitution requires the judges of this court, upon request, to "give their written opinion upon any question of law." It is settled that this provision is mandatory in nature when the inquiry falls within the purview thereof. We have on numerous occasions, however, stated our reluctance to subvert the principle of the separation of powers by translating the obligation to give advisory opinions upon request into a grant of authority to give such opinions in situations in which the inquiry is not such as reasonably to be within the purview of this constitutional provision. More specifically, the judges of the Supreme Court are constitutionally obligated to give their advice to Your Excellency when the question or questions propounded raise an issue regarding the constitutionality of existing statutes. *Opinion to the Governor,* 109 R.I. 289, 292, 284 A.2d 295, 296 (1971).

Ready as we are to meet our constitutional obligations and fully desirous of being of all possible assistance to Your Excellency, we nevertheless are constrained to conclude that the question advanced cannot serve as a proper basis for an advisory opinion. However, we would point out to Your Excellency that the tax administrator, because of the duty imposed upon him by G.L.1956 (1980 Reenactment) § 44-1-2 to collect all taxes due the state and as guardian of the public interest that all such taxes be collected, has standing to seek a response to the question posed by you by invoking the pertinent provisions of G.L.1956 (1969 Reenactment), chapter 30 of title 9, the Uniform Declaratory Judgments Act. *See Roch v. Garrahy,* R.I., 419 A.2d 827 (1980); *Matunuck Beach Hotel, Inc. v. Sheldon,* 121 R.I. 386, 399 A.2d 489 (1979).

---

1. His Excellency in his communication points to several statutes that purport to exempt pensions paid state or municipal employees from state and municipal taxation. The statutes referred to are G.L.1956 (1979 Reenactment) § 28-17-3; G.L.1956 (1969 Reenactment) § 36-10-32; and G.L.1956 (1980 Reenactment) § 45-21-45.