In re ADVISORY OPINION TO THE
GOVERNOR (CASINO III).

No. 2006–201–M.P.

Supreme Court of Rhode Island.

July 13, 2006.

ORDER

To His Excellency, Donald L. Carcieri,
Governor of the State of Rhode Island and
Providence Plantations:

We have received from Your Excellency
a letter dated July 10, 2006, in which you
have requested our written advisory opin-
ion pursuant to article 10, section 3, of the
Rhode Island Constitution. You have
asked the justices of this Supreme Court
to consider four questions of law concern-
ing the constitutionality of Joint Resolution
06–H–7935, which passed the General As-
sembly on June 1, 2006.

Your Excellency asks us:

"1. Does the Proposed Amendment's
unprecedented insertion into the Rhode
Island Constitution of a special privilege
to a single business entity to run the
State's sole privately-operated casino in
one municipality to the exclusion of all
other persons, entities and municipali-
ties violate 'the fundamental right to
participate equally in the political pro-
cess' identified by the United States Su-
preme Court in *Romer v. Evans*, 517
U.S. 620, 626, 116 S.Ct. 1620, 134
L.Ed.2d 855 (1996) and its progeny?

"2. Does the Proposed Amendment
violate the Equal Protection guarantees
of the Rhode Island and United States
Constitutions, the First Amendment to
the United States Constitution and [a]r-
ticle [1], section 21 of the Rhode Island
Constitution, and the Privileges and Im-
munities clause of the United States
Constitution?

"3. Article [14], section 1[,] of the
Rhode Island Constitution provides, *in-
ter alia*, that a proposed constitutional
amendment shall be submitted to the
voters of the State at a general election
and 'if then approved by a majority of
the electors voting thereon; it shall be-
come part of the Constitution' and [a]rti-
cle [1], section 1[,] provides that any
change in the Constitution must be 'by
an explicit and authentic act of the whole
people . . . [.]' The proposed Amendment
is only effective 'provided that a majori-
ty of the electors of the Town of West
Warwick have voted to approve this
amendment . . . [.]' Does the ability of
the Town to veto the proposed Amend-
ment violate [a]rticle [14], section 1[,]
and [a]rticle [1], section 1?

"4. Does the proposed Amendment's
retroactive and selective repeal of [a]rti-
cle [6], section 15 and section 22[,] vio-
late the executive power of the Governor
and the General Assembly's plenary
power over lotteries?"

We note at the outset that we take no
position on either the merits or the wisdom
of the question presented to the voting
public by the General Assembly to amend
the Rhode Island Constitution to allow for
a privately owned and operated casino in
West Warwick.

However, because your request is laden
with procedural infirmities, we must re-
spectfully decline to entertain it.

I

The Request

While article 10, section 3, of the Rhode
Island Constitution generally requires this

Court to issue advisory opinions "upon any question of law whenever requested by the governor or by either house of the general assembly," this duty is contingent upon certain threshold, jurisdictional requirements. *See In re Advisory Opinion to the House of Representatives (Casino II)*, 885 A.2d 698, 701 (R.I.2005) (hereinafter *Casino II*). With respect to requests from the Governor, "we only advise the chief executive in those instances in which the questions propounded have a bearing upon a *present constitutional duty awaiting performance by the Governor." In re Advisory Opinion (Chief Justice)*, 507 A.2d 1316, 1319 (R.I.1986) (emphasis added); *see also In re Request For Advisory Opinion Regarding House Bill 83–H–5640*, 472 A.2d 301, 302 (R.I.1984). Critically, if our opinion is not constitutionally mandated, we will avoid offering an advisory opinion. *In re Advisory Opinion (Chief Justice)*, 507 A.2d at 1319.

In this situation, Your Excellency is not called upon to perform a present constitutional duty. It is notable that the process of amending the constitution of this state, as set forth in article 14, section 1, of the Rhode Island Constitution, imposes *no* duty upon the office of Governor; this duty, instead, is shared by the General Assembly and people of the State of Rhode Island. Your Excellency's constitutional duty to implement the provisions of said amendment will not accrue unless and until the proposed amendment is "approved by a majority of the electors" voting "at the next general election." R.I. Const. art. 14, sec. 1. Therefore, neither the executive nor judicial branches of the government may interfere with the process of proposing a constitutional amendment.

It should also be noted that the context of your request differs significantly from the context of our recent advisory opinions in *In re Advisory Opinion to the Governor (Casino)*, 856 A.2d 320 (R.I.2004) (hereinafter *Casino I*), and *Casino II*. First, the request that prompted *Casino II* came from the House of Representatives, and as such we were obligated to issue an opinion because the request concerned pending legislation. *Casino II*, 885 A.2d at 701 (" 'We are constitutionally obligated to give advisory opinions to either House of the General Assembly only when the questions propounded concern the constitutionality of pending legislation.' ") (quoting *Casino I*, 856 A.2d at 324).

Likewise, we see a significant difference between the request made of us in *Casino I* and the questions presented to us at this time. Unlike the advisory opinion in *Casino I*, which concerned a statutory enactment, the present request concerns a *constitutional amendment* that must be voted upon by the people. "A constitutional provision differs from a statute in that it is part of an organic document and it cannot be altered lightly." *Casino II*, 885 A.2d at 712 n. 15. It is precisely the crucial role of the General Assembly and the people of Rhode Island with respect to a proposed amendment to the Rhode Island Constitution that requires this Court to treat differently, on the one hand, a request for an advisory opinion from the Governor concerning existing legislation (*Casino I*), and, on the other hand, a request for an advisory opinion related to a proposed constitutional amendment where presently there is no constitutional duty to be performed by Your Excellency. R.I. Const. art. 14, sec. 1.

## Conclusion

For the reasons stated, we respectfully decline to entertain Your Excellency's re-

quest for an advisory opinion on the proposed amendment to the Rhode Island Constitution set forth in Joint Resolution 06–H–7935. Because, in our opinion, the rationale of this response is so clear, we do not require briefing or oral argument from any of the interested parties.

Respectfully submitted,

/s/ Chief Justice Frank J. Williams

/s/ Justice Francis X. Flaherty

/s/ Justice Paul A. Suttell

/s/ Justice William P. Robinson III

Justice GOLDBERG did not participate.