# In re ADVISORY OPINION TO the HOUSE OF REPRESENTATIVES (CRMC).

## No. 2006–209–M.P.

Supreme Court of Rhode Island.

Nov. 22, 2006.

### ORDER

To the Honorable, the House of Representatives of the State of Rhode Island and Providence Plantations:

---

On June 23, 2006, the Honorable House of Representatives as then constituted introduced House Resolution No. 2006–H 8290, which requested from the justices of this Court an advisory opinion, in accordance with article 10, section 3, of the Rhode Island Constitution, on the following questions:

"(1) Would [proposed House Resolution 8170], if duly enacted into law, which permits members of the General Assembly to sit as members of the Coastal Resources Management Council (CRMC) as set forth in [G.L. 1956 §] 46–23–2(a)(1) violate the constitutional amendment to [a]rticle [9], [s]ection 5, [the] so called [sic] Separation of Powers Amendment, passed by the electorate on November 2, 2004, which calls into question the constitutionality of the appointing authority?

"(2) Would the proposed act, if duly enacted into law, permit the Speaker of the House to appoint public members to the [CRMC] as set forth in [G.L. 1956 §] 46–23–2(a)(1)?

"(3) Is the [c]onstitutional [a]mendment to [a]rticle [9], [s]ection 5, [the] so-called Separation of Powers Amendment, passed by the electorate on November 2, 2004, which calls into question the constitutionality of the appointing authority, self executing [sic] or does it require legislative enactment for its implementation?

"(4) Is the [CRMC] by its nature, purpose, and operation a legislative function[?]"

Pursuant to Joint Resolution 2006–S 3187, on June 23, 2006, the House "[d]eclar[ed] and [c]onsent[ed] to a recess of the General Assembly." [1] We take notice of the fact that the Rhode Island general election was held on November 7, 2006.

Our jurisprudence clearly indicates that the justices of this Court refrain from answering requests for advisory opinions from either House of the General Assembly when the composition of the legislative body that propounded the question inevitably will change as a result of an intervening general election. *Advisory Opinion to the House of Representatives of the State of Rhode Island and Providence Plantations*, 108 R.I. 151, 153, 272 A.2d 925, 926 (1971) (explaining that because this Court's constitutional obligation to render advisory opinions is implicated only by "question[s] pending and awaiting action in the body which seeks our assistance[,] * * * [o]ur constitution * * * does not require the justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body"); *see also Opinion to House of Representatives*, 99 R.I. 151, 152–53, 206 A.2d 221, 222 (1965) (noting "[i]f the Honorable House as it is now constituted as a result of the election of November 3, 1964, desires to have these questions answered it should make its wishes known by the adoption of new resolutions").

Concerning the present request from the House, given the fact that this Court has not yet issued an order requesting briefing from the parties or setting a date for oral argument, we will not reasonably be able to respond before the newly composed House is engaged this January. Be-

---

1. We are acutely aware of the distinction between a legislative *recess*, which is what happened in this case, and an *adjournment* governed by article 6, section 9, of the Rhode Island Constitution. For our present purposes, however, this is a distinction without a difference. Instead, as set forth below, the critical fact is were this Court to respond to the Honorable House's request, we would be issuing an advisory opinion to a legislative body of different composition than that which made the request as a result of the November 7, 2006, general election.

cause the Rhode Island Constitution does not obligate the justices of this Court to issue advisory opinions to succeeding legislative bodies, we are unable to entertain the request set forth in the aforementioned House resolution. *In re Advisory Opinion to the Governor (Casino III)*, 904 A.2d 67, 68 (R.I.2006) (mem.) ("if our opinion is not constitutionally mandated, we will avoid offering an advisory opinion").

Our decision herein must not be interpreted as an attempt to diminish the gravity of the issues presented by this request for our advisory opinion. Clearly, the Honorable House of Representatives as constituted as of January 2, 2007, may adopt a new resolution propounding these same inquiries to the justices of this Court.

### Conclusion

For the reasons stated, we respectfully decline to entertain this request for an advisory opinion from the Honorable House of Representatives set forth in House Resolution 2006–H 8290. Because, in our opinion, the rationale of this response is so clear, we do not require briefing or oral argument from any of the interested parties.

Respectfully submitted,

/s/ Frank J. Williams Chief Justice Frank J. Williams

/s/ Francis X. Flaherty Justice Francis X. Flaherty

/s/ Paul A. Suttell Justice Paul A. Suttell

/s/ William P. Robinson III Justice William P. Robinson III

Justice GOLDBERG did not participate.