# In re ADVISORY OPINION TO the SENATE (BEACON MUTUAL).

### No. 2006–198–M.P.

Supreme Court of Rhode Island.

Nov. 22, 2006.

## ORDER

To the Honorable, the Senate of the State of Rhode Island and Providence Plantations:

On June 22, 2006, the Honorable Senate as then constituted introduced Senate Resolution 2006–S 3198, which requested from the justices of this Court an advisory opinion, in accordance with article 10, section 3, of the Rhode Island Constitution, on the following question:

"(1) Does [a]rticle [9], [s]ection 5[,] of the Rhode Island Constitution require that the [G]overnor's next appointments to the board of directors of Beacon Mutual Insurance Company be made by and with the advice and consent of the Senate?"

Under Joint Resolution 2006–S 3187, on June 23, 2006, the Senate "[d]eclar[ed] and [c]onsent[ed] to a recess of the General Assembly."[1] We take notice of the fact

critical fact is were this Court to respond to the Honorable Senate's request, we would be issuing an advisory opinion to a legislative body of different composition than that which made the request as a result of the November 7, 2006 general election.

that the Rhode Island general election was held on November 7, 2006.

Our jurisprudence clearly indicates that the justices of this Court refrain from answering requests for advisory opinions from either House of the General Assembly when the composition of the legislative body that propounded the question inevitably will change as a result of an intervening general election. *Advisory Opinion to the House of Representatives of the State of Rhode Island and Providence Plantations*, 108 R.I. 151, 153, 272 A.2d 925, 926 (1971) (explaining that because this Court's constitutional obligation to render advisory opinions is implicated only by "question[s] pending and awaiting action in the body which seeks our assistance[,] * * * [o]ur constitution * * * does not require the justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body"); *see also Opinion to House of Representatives*, 99 R.I. 151, 152–53, 206 A.2d 221, 222 (1965) (noting "[i]f the Honorable House as it is now constituted as a result of the election of November 3, 1964, desires to have these questions answered it should make its wishes known by the adoption of new resolutions").

Concerning the present request from the Senate, given the fact that this Court has not yet issued an order requesting briefing from the parties or setting a date for oral argument, we will not reasonably be able to respond before the newly composed Senate is engaged this January. Because the Rhode Island Constitution does not obligate the justices of this Court to issue advisory opinions to succeeding legislative bodies, we are unable to entertain the request set forth in the aforementioned Senate resolution. *In re Advisory Opinion to the Governor (Casino III)*, 904 A.2d 67, 68 (R.I.2006) ("if our opinion is not constitutionally mandated, we will avoid offering an advisory opinion").

Our decision herein must not be interpreted as an attempt to diminish the gravity of the issues presented by the Senate's request for an advisory opinion. Clearly, the Honorable Senate as constituted as of January 2, 2007, may adopt a new resolution propounding this same inquiry to the justices of this Court.

## Conclusion

For the reasons stated, we respectfully decline to entertain this request for an advisory opinion from the Honorable Senate set forth in Senate Resolution 2006–S 3198. Because, in our opinion, the rationale of this response is so clear, we do not require briefing or oral argument from any of the interested parties.

Respectfully submitted,

/s/ Frank J. Williams Chief Justice Frank J. Williams

/s/ Maureen McKenna Goldberg Justice Maureen McKenna Goldberg

/s/ Francis X. Flaherty Justice Francis X. Flaherty

/s/ Paul A. Suttell Justice Paul A. Suttell

/s/ William P. Robinson III Justice William P. Robinson III